ACCEPTED
01-15-00397-CV
FIRST COURT OF APPEALS
HOUSTON, TEXAS
11/6/2015 12:45:26 PM
CHRISTOPHER PRINE
CLERK

## No. 01-15-00397-CR

In the
Court of Appeals
For the
First District of Texas
At Houston

FILED IN
1st COURT OF APPEALS
HOUSTON, TEXAS
11/6/2015 12:45:26 PM
CHRISTOPHER A. PRINE
Clerk

————————◆————————

## No. 1434115
In the 179th District Court
Of Harris County, Texas

————————◆————————

### Augustus Mitchell
*Appellant*

*v.*

### The State of Texas
*Appellee*

————————◆————————

State's Appellate Brief

————————◆————————

**Clinton A. Morgan**
Assistant District Attorney
Harris County, Texas
State Bar No. 24071454
morgan_clinton@dao.hctx.net

1201 Franklin St., Suite 600
Houston, Texas 77002
Telephone: 713.274.5826

**Devon Anderson**
District Attorney
Harris County, Texas

**Leah Fiedler**
Assistant District Attorney
Harris County, Texas

Oral Argument Not Requested

**Statement Regarding Oral Argument**

The appellant did not request oral argument and neither does the State.

**Identification of the Parties**

Counsel for the State:

    Devon Anderson
        — District Attorney of Harris County

    Leah Fiedler
        — Assistant District Attorney at trial

    Clinton A. Morgan
        — Assistant District Attorney on appeal

Appellant:

    Augustus Mitchell

Counsel for the Appellant:

    Jeffrey Karl "Jeff" Hale
        — Counsel at trial

    Joseph W. Varela
        — Counsel on appeal

Trial Court:

    Jay W. Burnett
        — Presiding judge

**Table of Contents**

Statement Regarding Oral Argument .................................................i

Identification of the Parties ............................................................i

Table of Contents ........................................................................ ii

Index of Authorities .................................................................... iii

Statement of the Case ..................................................................1

Statement of Facts ......................................................................1

Reply to the Appellant's Sole Point of Error ..................................2

    The record is insufficiently developed to determine that trial counsel was ineffective for failing to object to the complained-of evidence........2

    I.    Legal Background: The law of ineffective assistance claims........3

    II.  Argument: *Thompson* requires this Court to reject the appellant's point. ................................................................5

Conclusion .................................................................................8

Certificate of Compliance and Service...........................................9

# Index of Authorities

**Cases**

*Bone v. State*
  77 S.W.3d 828 (Tex. Crim. App. 2002)...............................................................4

*Gamble v. State*
  916 S.W.2d 92 (Tex. App.—
  Houston [1st Dist.] 1996, no pet.)......................................................................7

*Mitchell v. State*
  68 S.W.3d 640 (Tex. Crim. App. 2002)...............................................................4

*Rylander v. State*
  101 S.W.3d 107 (Tex. Crim. App. 2003) .........................................................4, 6

*Strickland v. Washington*
  466 U.S. 668 (1984) ........................................................................................3, 4

*Thompson v. State*
  9 S.W.3d 808 (Tex. Crim. App. 1999)..............................................................4, 6

*Thompson v. State*
  981 S.W.2d 319 (Tex. App.—
  Houston [14th Dist.] 1998), *rev'd*, 9. S.W.3d 808 (Tex. Crim. App. 1999)
  ...........................................................................................................................5

## Statement of the Case

The appellant was indicted for possession of a firearm at a location other than his residence after having been convicted of a felony. (CR 10). In an enhancement paragraph, the indictment alleged a prior felony conviction. (CR 10). The appellant pleaded not guilty, but a jury found him guilty as charged. (CR 61, 75). The jury found the enhancement paragraph true and assessed punishment at twelve years' confinement (CR 73, 75). The trial court certified the appellant's right of appeal and the appellant filed a notice of appeal. (CR 78, 79).

## Statement of Facts

Two Houston Police officers were working extra jobs at an apartment complex when they saw the appellant take a pistol from his pocket and lay it on the ground. (2 RR 97-98; 3 RR 11). The officers detained him and learned that he had a prior felony conviction. (2 RR 104).

**Reply to the Appellant's Sole Point of Error**

**The record is insufficiently developed to determine that trial counsel was ineffective for failing to object to the complained-of evidence.**

In his sole point of error, the appellant complains that his trial counsel was ineffective for failing to object to several documents that were admitted as part of the appellant's juvenile probation records. The appellant alleges that, out of the 203 pages comprising State's Exhibit 14, at least 10 pages contained inadmissible hearsay. (Appellant's Brief at 12-14). The appellant alleges that there are also unspecified "reports of clinicians and a psychiatrist" contained in State's Exhibit 14, and that trial counsel was ineffective for failing to challenge the expertise of these clinicians and psychiatrists. (Appellant's Brief at 16-17). The appellant concludes his list of complaints by alleging that State's Exhibit 14 "contains other items which were objectionable," but he does not specify what these "items" are or why they were objectionable.

The State's response is simple: As is usually the case, the record on direct appeal is insufficient to allow this Court to determine that trial counsel was ineffective. Because the appellant did not file a motion for new trial, there was no opportunity below to obtain a response from

trial counsel as to why he did not object to this evidence. Binding precedent from the Court of Criminal Appeals holds that for claims of ineffective assistance involving a single failure to object to evidence, appellate courts cannot declare trial counsel ineffective in cases where trial counsel has not had a chance to respond.

## I.    Legal Background: The law of ineffective assistance claims

As part of its general guarantee of a fair trial, the Sixth Amendment to the federal Constitution guarantees criminal defendants the right to effective assistance of counsel. *Strickland v. Washington*, 466 U.S. 668, 686 (1984). An appellant alleging this his attorney's performance was so bad as to constitute ineffective assistance of counsel — an allegation that, in effect, the Sixth Amendment's guarantee was not kept — must show that counsel's performance was objectively deficient, and that the deficient performance harmed the appellant. *Id*. at 687, 693.

To show deficient performance for the first part of the *Strickland* test, "the appellant must prove by a preponderance of the evidence that his counsel's representation objectively fell below the standard of professional norms." *Mitchell v. State*, 68 S.W.3d 640, 642 (Tex. Crim.

App. 2002). Reviewing courts are to be "highly deferential" toward the decisions of trial counsel in making this determination, and "indulge a strong presumption that counsel's conduct falls within the wide range of reasonable professional assistance." *Strickland*, 466 U.S., at 689. It is the appellant's burden to "prove, by a preponderance of the evidence, that there is, in fact, no plausible professional reason for a specific act or omission [by counsel]." *Bone v. State*, 77 S.W.3d 828, 836 (Tex. Crim. App. 2002).

The Court of Criminal Appeals has recognized that, in most cases, the record on direct appeal will not support a finding of deficient performance. *Rylander v. State*, 101 S.W.3d 107, 110-111 (Tex. Crim. App. 2003). "[T]rial counsel should ordinarily be afforded an opportunity to explain his actions before being denounced as ineffective," *id.* at 111, and the absence in the record of an explanation by trial counsel for his actions will generally defeat an ineffective assistance claim on direct appeal. *Thompson v. State*, 9 S.W.3d 808, 814 (Tex. Crim. App. 1999). Matters that are outside the record may be better addressed by a writ of habeas corpus. *See id.* at 814-15.

## II. Argument: *Thompson* requires this Court to reject the appellant's point.

The appellant's claim that trial counsel was ineffective for not objecting to certain evidence is very similar to the ineffective-assistance claim at issue in *Thompson*. At Thompson's trial, the prosecutor asked a particular line of questions that defense counsel objected to as eliciting "backdoor hearsay." *Thompson v. State*, 981 S.W.2d 319, 322-23 (Tex. App.—Houston [14th Dist.] 1998), *rev'd*, 9. S.W.3d 808 (Tex. Crim. App. 1999). The trial court sustained this objection, but the prosecutor continued the line of questioning and defense counsel failed to make any further objection, thus allowing the prosecutor to elicit testimony that the trial court had, moments earlier, ruled inadmissible. *Ibid*. The record contained no information from trial counsel as to why he did not object.

On direct appeal, Thompson claimed that trial counsel was ineffective, and the Fourteenth Court of Appeals agreed, reversing the conviction. *Id*. at 323-24. On discretionary review, the Court of Criminal Appeals focused not on what the record showed, but instead on what was missing. Because the record contained no information as to "why appellant's trial counsel failed to object to the State's persistent attempt

to elicit inadmissible hearsay," Thompson had "failed to rebut the presumption that this was a reasonable decision."[1]

This case involves a complaint about trial counsel failing to object to supposedly objectionable evidence at trial, the same sort of claim at issue in *Thompson*. Exactly like *Thompson*, the record is completely silent as to why trial counsel did not object to the evidence. Exactly like *Thompson*, the appellant complains of only one error by trial counsel. *See Thompson*, 9 S.W.3d at 814 ("An appellate court should be especially hesitant to declare counsel ineffective based upon a single alleged miscalculation during what amounts to otherwise satisfactory representation, especially when the record provides no discernible

---

[1] While it has become the norm for the parties and appellate courts to speculate about what possible reason trial counsel might have had for the complained-of omission, the *Thompson* court felt no need to engage in such speculation. Appellate lawyers and judges have a different skillset and area of expertise from trial lawyers, and counsel at trial is always privy to significant information that does not make it into the appellate record. Whether appellate lawyers can read an appellate record and come up with a reasonable basis for a particular act or omission of trial counsel is a completely different question from whether trial counsel actually had a reasonable basis for a particular act or omission. *See also Rylander*, 101 S.W.3d at 110-11 (without speculation into trial counsel's reasoning, holding that silent record defeated ineffective-assistance claim on direct appeal).

For what it is worth, the State's appellate counsel supposes trial counsel might have believed it better to allow hearsay documents into evidence than to object and prompt the State to call additional witnesses. The appellant points out that the State did not subpoena any additional witnesses (Appellant's Brief at 16), but the lack of subpoenas is not proof that the witnesses were actually unavailable.

explanation of the motivation behind counsel's actions—whether those actions were of strategic design or the result of negligent conduct.").

Therefore, this Court should hold exactly as the Court of Criminal Appeals held in *Thompson*: There is not enough information in the record to allow a conclusion that trial counsel was constitutionally ineffective. *See Gamble v. State*, 916 S.W.2d 92, 93 (Tex. App.—Houston [1st Dist.] 1996, no pet.) (where defendant complained of, *inter alia*, trial counsel's failure to object to inadmissible evidence, but record was silent as to trial counsel's reasons, there was insufficient evidence to overcome presumption of reasonably effective assistance). The appellant's claim would be better evaluated on a writ of habeas corpus, where a record can be developed and trial counsel's actions can be more fully examined.

## Conclusion

The State respectfully submits that all things are regular and the judgment of the trial court should be affirmed.

**DEVON ANDERSON**
District Attorney
Harris County, Texas


/s/ C.A. Morgan
**CLINTON A. MORGAN**
Assistant District Attorney
Harris County, Texas
1201 Franklin, Suite 600
Houston, Texas  77002
713.274.5826
Texas Bar No. 24071454

## Certificate of Compliance and Service

I certify that, according to Microsoft Word's word counting function, the portion of this brief for which Rule of Appellate Procedure 9.4(i)(1) requires a word count contains 1,307 words.

I also certify that I have requested that efile.txcourts.gov electronically serve a copy of this brief to:

Joseph W. Varela
jwvarela@gmail.com

/s/ C.A. Morgan
**CLINTON A. MORGAN**
Assistant District Attorney
Harris County, Texas
1201 Franklin, Suite 600
Houston, Texas 77002-1923
713.274.5826
Texas Bar No. 24071454

Date: November 6, 2015